**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A<br>BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.,<br><br>    Defendant. | No. 6:20-cv-00903<br><br>**JURY TRIAL DEMANDED** |

**BRAZOS'S COMPLAINT AGAINST JUNIPER FOR**
**INFRINGEMENT OF U.S. PATENT NO. 8,284,656**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos"),

by and through its attorneys, files this Complaint for Patent Infringement against defendant

Juniper Networks, Inc. ("Juniper") and alleges:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. §§ 1 *et seq.*, including §§ 271, 281, 284, and 285.

**THE PARTIES**

2. Brazos is a limited liability corporation organized and existing under the laws of

Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas

76701.

3. On information and belief, Juniper is a corporation organized and existing under

the laws of Delaware, with a regular and established place of business located at 1120 South

Capital of Texas Highway, Suite 120, First Floor, Building 2, Austin, Texas 78746. Juniper

may be served through its designated agent for service of process, CT Corporation System,

1999 Bryan Street, Suite 900, Dallas, Texas, 75201. On information and belief, Juniper is registered to do business in the State of Texas and has been since at least April 27, 2017.

**JURISDICTION AND VENUE**

4.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has specific and general personal jurisdiction over Juniper pursuant to due process and/or the Texas Long Arm Statute because Juniper has committed and continues to commit acts of patent infringement, including acts giving rise to this action, within the State of Texas and this Judicial District. The Court's exercise of jurisdiction over Juniper would not offend traditional notions of fair play and substantial justice because Juniper has established minimum contacts with the forum. For example, on information and belief, Juniper has committed acts of infringement in this Judicial District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and/or services that infringe the Asserted Patent, as alleged herein.

6.     Upon information and belief, Juniper has continuous and systematic business contacts with the State of Texas. Juniper is registered to do business in the State of Texas, has offices and facilities in the State of Texas, and actively directs its activities to customers located in the State of Texas. Juniper, directly and/or through affiliates and/or intermediaries, conducts its business extensively throughout the State of Texas, by shipping, importing, manufacturing, distributing, offering for sale, selling, and/or advertising its products and services in the State of Texas and this Judicial District.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). Juniper is registered to do business in the State of Texas, and, upon information and belief, Juniper has transacted business in this Judicial District, and has committed acts of direct and indirect

infringement in this Judicial District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent. Juniper has regular and established places of business in this Judicial District, as set forth below.

8.      Juniper maintains a regular and established place of business in this Judicial District, at least at 1120 South Capital of Texas Highway, Suite 120, First Floor, Building 2, Austin, Texas 78746. Upon information and belief, Juniper conducts business, serves customers, and markets and/or sells its products from its regular and established place of business in Austin, Texas, in this Judicial District.

9.      Upon information and belief, Juniper maintains additional regular and established places of business in the State of Texas, nearby to this Judicial District, including at Granite Park V, 5830 Granite Pkwy #850, Plano, Texas 75024.

10.     Juniper's Form 10-K for the fiscal year ended December 31, 2019 states, in part:

> Juniper Networks designs, develops, and sells products and services for high-performance networks to enable customers to build scalable, reliable, secure and cost-effective networks for their businesses . . . . We organize and manage our business by major functional departments on a consolidated basis as one operating segment. We sell our high-performance network products and service offerings across routing, switching, and security technologies. In addition to our products, we offer our customers services, including maintenance and support, professional services, and education and training programs.[1]

11.     Upon information and belief, Juniper designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States products that infringe the Asserted Patent, directly and or through intermediaries, as alleged herein. Juniper markets, sells, and/or offers to sell its products and services, including those accused herein of infringement, to actual and potential customers and end-users located in the State of Texas and in this Judicial District, as alleged herein.

---

[1] See https://s1.q4cdn.com/608738804/files/doc_financials/2019/q4/2019-10-K-Final.pdf at 3.

12.     Juniper's website advertises and promotes its products and services to customers nationwide, and permits customers to request a quote or buy directly from Juniper by requesting a direct call or email from a Juniper representative.[2]

### COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 7,620,656

13.     Brazos re-alleges and incorporates by reference the preceding paragraphs 1–12 of this Complaint.

14.     On October 9, 2012, the U.S. Patent & Trademark Office duly and legally issued U.S. Patent No. 8,284,656 (the "'656 Patent"), entitled "System and Method for Resilient VPLS Over Multi-Nodal APS Protected Provider Edge Nodes." A true and correct copy of the '656 Patent is attached as Exhibit A to this Complaint.

15.     Brazos is the owner of all rights, title, and interest in and to the '656 Patent, including the right to assert all causes of action arising under the '656 Patent and the right to any remedies for the infringement of the '656 Patent.

16.     Juniper makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, routing products that run the Juniper Network Junos OS and support VPLS networks, including, but not limited to, Juniper's MX[3] and SRX[4] Series routers (collectively, the "Accused Products").

17.     The Accused Products are routers that operate Juniper's Juno OS, "the single operating system that powers Juniper's broad portfolio of physical and virtual networking and

---

[2] *See* https://www.juniper.net/us/en/how-to-buy/.

[3] *See* https://www.juniper.net/us/en/products-services/routing/mx-series; https://apps.juniper.net/feature-explorer/feature-info.html?fKey=6682.

[4] *See* https://www.juniper.net/us/en/products-services/security/srx-series/; https://apps.juniper.net/feature-explorer/feature-info.html?fKey=3211.

security products. Built for reliability, security, and flexibility, it runs some of the world's most sophisticated network deployments, giving operators a competitive advantage over those who run other network operating systems." [5]

18.    The Accused Products are "[a] robust portfolio of [] routing platforms that provide industry-leading system capacity, density, security, and performance with unparalleled longevity."[6]

19.    The Accused Products implement a system of redundant pair automatic protection switching at the edge of a Virtual Private LAN System ("VPLS") network comprising a redundant pair of provider edge nodes. The Accused Products support VPLS service. [7]

20.    The Accused Products can be configured for use in a VPLS network for multihoming purposes. Figure A below shows a "VPLS Multihoming Topology with Router PE2 configured as the Best Site," which is "a network of PE routers and CE devices configured to use VPLS multihoming."[8]



Figure A

---

[5] *See* https://www.juniper.net/us/en/products-services/nos/junos/.

[6] *See* https://www.juniper.net/us/en/products-services/routing/mx-series/.

[7] *See generally* https://www.juniper.net/documentation/en_US/junos/information-products/pathway-pages/config-guide-vpns/config-guide-vpns-layer-2.pdf.

[8] *See* https://www.juniper.net/documentation/en_US/junos/information-products/pathway-pages/config-guide-vpns/config-guide-vpns-layer-2.pdf at 888–89 (Figure 67).

21.     The PE routers in Figure A "are configured with the *best-site* and *mac-flush* statements to improve the convergence time in the event that the connection between Device CE1 and one of its multihomed PE routers fails."[9]

22.     The Accused Products implement a system that comprises a first provider edge node that is a working node of the redundant pair before a switchover and a protection node of the redundant pair after the switchover, and a second provider edge node that is the protection node of the redundant pair before the switchover and the working node of the redundant pair after the switchover.

23.     Figure B below shows a network topology in which "CE1 is multihomed to PE1 [*i.e.*, the first provider edge node] and PE2 [*i.e.*, the second provider edge node]" and "[t]here are two paths connecting CE1 and CE2." Initially, PE1 is the working node and PE2 is the protection node. "The working path is CE2-PE3-P-PE1-CE1" and "[t]he protecting path is CE2-PE3-P-PE2-CE1."[10] When there is a "failure on the working path, traffic will be switched from the working path to the protecting path."[11] After the switchover, PE2 acts as the working node and PE1 acts as the protection node.[12]

---

[9] *See id.* at 888.

[10] *See id*. at 397–98.

[11] *See id* at 397.

[12] *Id.*



Figure B

24.    The Accused Products implement a system that comprises a third provider edge node possessing a media access control ("MAC") address entry for the first provider edge node, previously learned by the third provider edge node, wherein the first provider edge node, when functioning as the working node, communicates with the third provider edge node, and, after the switchover in the redundant pair, sends an explicit request to the third provider edge node to flush said MAC address entry for the first provider edge node.

25.    Accused Products that are configured as PE routers are configured with "*mac-flush*," which "improves the convergence time in the event when the connection between CE1 with a PE fails."[13]

26.    "Mac flush processing removes MAC addresses from the MAC address database that have been learned dynamically." This flushes the MAC address of the working node after the switchover.[14]

27.    *Mac-flush* functionality is recommended by Juniper and configured in the VPLS environment.[15] In certain conditions "where MAC flush processing is not initiated by default,

---

[13] *See supra* ¶ 21.

[14] *See* https://www.juniper.net/documentation/en_US/junos/information-products/pathway-pages/config-guide-vpns/config-guide-vpns-layer-2.pdf at 889.

[the user or operator] can also specify ***explicit-mac-flush-message-options*** that additionally configure the router to send explicit MAC flush messages.[16] When *explicit-mac-flush-message-options* is configured with the *any-interface* option, "a MAC flush message [is sent] when any customer-facing attachment circuit interface goes down."[17] Thus, in the topology of Figure B above, if the link between PE1 and CE1 fails, after the switchover to the redundant link connected to the node PE2, PE1 notifies PE3 (*i.e.*, a third provider edge node) to flush the MAC address entry of PE1 by sending a "*mac-flush*" message, which sends a request to the third provider edge node to flush said MAC address entry for the first provider edge node.[18]

28.    In view of the preceding paragraphs 17–27, each and every element of at least claim 1 of the '656 Patent is found in the Accused Products.

29.    Juniper continues to directly infringe at least one claim of the '656 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this Judicial District, without the authority of Brazos. Juniper's infringing use of the Accused Products includes its internal use and testing of the Accused Products.

30.    Juniper has received notice and actual or constructive knowledge of the '656 Patent since at least the date of service of this Complaint.

31.    Since at least the date of service of this Complaint, through its actions, Juniper has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '656 Patent throughout the United States, including within this Judicial

---

[15] *Id.*

[16] *Id.* at 1426.

[17] *Id.* at 1427.

[18] *Id.* at 1426–27.

District, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://www.juniper.net/us/en/products-services/nos/junos/;
- https://www.juniper.net/us/en/products-services/routing/mx-series/datasheets/1000597.page;
- https://www.juniper.net/us/en/products-services/security/srx-series/srx550/;
- https://www.juniper.net/us/en/products-services/security/srx-series/srx300/;
- https://www.juniper.net/us/en/products-services/security/srx-series/srx1500/;
- https://www.juniper.net/us/en/products-services/security/srx-series/srx4000/;
- https://www.juniper.net/us/en/products-services/security/srx-series/srx4600/;
- https://www.juniper.net/us/en/products-services/security/srx-series/srx5400/;
- https://www.juniper.net/us/en/products-services/security/srx-series/srx5600/;
- https://www.juniper.net/us/en/products-services/security/srx-series/srx5800/;
- https://www.juniper.net/us/en/products-services/routing/mx-series/mx5/;
- https://www.juniper.net/us/en/products-services/routing/mx-series/mx10/;
- https://www.juniper.net/us/en/products-services/routing/mx-series/mx40/;
- https://www.juniper.net/us/en/products-services/routing/mx-series/mx80/;
- https://www.juniper.net/us/en/products-services/routing/mx-series/mx104/;
- https://www.juniper.net/us/en/products-services/routing/mx-series/mx150;
- https://www.juniper.net/us/en/products-services/routing/mx-series/mx204/;
- https://www.juniper.net/us/en/products-services/routing/mx-series/mx240/;
- https://www.juniper.net/us/en/products-services/routing/mx-series/mx480/;
- https://www.juniper.net/us/en/products-services/routing/mx-series/mx960/;

- https://www.juniper.net/us/en/products-services/routing/mx-series/mx2008/;

- https://www.juniper.net/us/en/products-services/routing/mx-series/mx2010/;

- https://www.juniper.net/us/en/products-services/routing/mx-series/mx2020/;

- https://www.juniper.net/us/en/products-services/routing/mx-series/mx10003/;

- https://www.juniper.net/us/en/products-services/routing/mx-series/mx10000/;

- https://www.juniper.net/documentation/en_US/junos/information-products/pathway-pages/config-guide-vpns/config-guide-vpns-layer-2.pdf; and

- https://apps.juniper.net/feature-explorer/feature-info.html?fKey=3211.

32.    Juniper was and is aware that the normal and customary use by end users of the Accused Products infringes the '656 Patent. Juniper's inducement is ongoing.

33.    Since at least the date of service of this Complaint, through its actions, Juniper has contributed to the infringement of the '656 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this Judicial District, with knowledge that the Accused Products infringe the '656 Patent. The Accused Products have special features that are especially made or adapted for infringing the '656 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least claim 1 of the '656 Patent.

34.    The special features include but are not limited to redundant pair configuration with automatic protection switching in VPLS network topologies, including the *mac-flush* functionality in a manner that infringes the '656 Patent.

35.    The special features constitute a material part of the invention of one or more claims of the '656 Patent and are not staple articles of commerce suitable for substantial non-infringing uses.

36.     Brazos has suffered damages as a result of Juniper's direct and indirect infringement of the '656 Patent in an amount adequate to compensate for Juniper's infringement, but in no event less than a reasonable royalty for the use made of the invention by Juniper, together with interest and costs as fixed by the Court.

### JURY DEMAND

Brazos hereby demands a jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Brazos respectfully requests that the Court:

(a)     enter judgment that Juniper infringes one or more claims of the '656 Patent literally and/or under the doctrine of equivalents;

(b)     enter judgment that Juniper has induced infringement and continues to induce infringement of one or more claims of the '656 Patent;

(c)     enter judgment that Juniper has contributed to and continues to contribute to the infringement of one or more claims of the '656 Patent;

(d)     award Brazos damages, to be paid by Juniper in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by Juniper of the '656 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(e)     declare this case exceptional pursuant to 35 U.S.C. § 285; and

(f)     award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Respectfully submitted,

Dated: September 30, 2020

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax:    (512) 677-6825

Edward J. Naughton
(*pro hac vice* to be filed)
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
(*pro hac vice* to be filed)
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:   (617) 856-8200
facsimile:   (617) 856-8201

Alessandra C. Messing
(*pro hac vice* to be filed)
amessing@brownrudnick.com
Timothy J. Rousseau
(*pro hac vice* to be filed)
trousseau@brownrudnick.com
Yarelyn Mena
(*pro hac vice* to be filed)
ymena@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:   (212) 209-4800
facsimile:   (212) 209-4801

David M. Stein
Texas State Bar No. 797494
(admission pending)
dstein@brownrudnick.com
Sarah G. Hartman
(*pro hac vice* to be filed)
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:   (949) 752-7100
facsimile:   (949) 252-1514

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*