UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A<br>BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.,<br><br>Defendant. | No. 6:20-cv-00812-ADA<br>6:20-cv-00813-ADA<br>6:20-cv-00814-ADA<br>6:20-cv-00815-ADA<br>6:20-cv-00816-ADA<br>6:20-cv-00902-ADA<br>6:20-cv-00903-ADA<br><br>JURY TRIAL DEMANDED |

## UPDATED CASE READINESS STATUS REPORT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos")
and Defendant Juniper Networks, Inc. hereby provide the following updated case readiness status
report in advance of the initial Case Management Conference(s) ("CMC") in the above-
captioned cases.[1]

### FILINGS AND EXTENSIONS

Brazos's Complaints in *Brazos I–V* were filed on September 4, 2020.  There has been one
extension in each of these cases for a total of 45 days (to November 16, 2020).

Brazos's Complaints in *Brazos VI–VII* were filed on September 30, 2020.  There has been
one extension in both of these cases for a total of 45 days (to December 11, 2020).

---

[1] Brazos previously provided an Opposed Case Readiness Status Report in Case Nos. 6:20-cv-
00812, 6:20-cv-00813, 6:20-cv-6:20-cv-00814, 6:20-cv-00815, and 6:20-cv-00816 ("*Brazos I–
V*," respectively) and Juniper provided a separate response. *See Brazos I*, Dkts. 21, 22; *Brazos II–
V*, Dkts. 19, 20. Brazos and Juniper provide this Updated Case Readiness Status Report to
additionally address Case Nos. 6:20-cv-00902 and 6:20-cv-00903 ("*Brazos VI–VII*,"
respectively) and to update the Appointment of Technical Advisor and Meet and Confer Status
sections.

RESPONSES TO THE COMPLAINTS

On November 16, 2020, Juniper responded to the Complaints in *Brazos I–V* by filing an Answer and Counterclaims.  *See Brazos I*, Dkt. 17; *Brazos II–V*, Dkt. 16.

Juniper's responses to the Complaints in *Brazos VI–VII* are due on December 11, 2020.

PENDING MOTIONS

Juniper filed an opposed motion to transfer to the Northern District of California on November 27, 2020 in each of the above-captioned cases.  *See Brazos I*, Dkt. 19; *Brazos II–V*, Dkt. 18; *Brazos VI–VII*, Dkt. 9.

RELATED CASES IN THIS JUDICIAL DISTRICT

There are no related cases in this judicial district involving the same patents.  The seven above-captioned pending in this Judicial District involve the same parties but different patents.

IPR, CBM, AND OTHER PGR FILINGS

There are no known IPR, CBM, or other PGR filings.

NUMBER OF ASSERTED PATENTS AND CLAIMS

Brazos has asserted 1 patent in each of the above-captioned cases.  Brazos has not yet served its preliminary infringement contentions, but currently anticipates asserting the number of claims identified in the table below for each patent:

| Case | Patents | # of Anticipated Asserted Claims |
|---|---|---|
| *Brazos I* | U.S. Patent No. 7,382,781 | 5 |
| *Brazos II* | U.S. Patent No. 7,483,998 | 5 |
| *Brazos III* | U.S. Patent No. 7,518,990 | 10 |
| *Brazos IV* | U.S. Patent No. 7,596,140 | 23 |
| *Brazos V* | U.S. Patent No. 8,953,499 | 9 |
| *Brazos VI* | U.S. Patent No. 7,620,273 | 3 |

| Case | Patents | # of Anticipated Asserted Claims |
|---|---|---|
| *Brazos VII* | U.S. Patent No. 8,284,656 | 7 |

## APPOINTMENT OF TECHNICAL ADVISER

Brazos does not oppose the appointment of a technical adviser to the above-captioned cases.  Juniper believes that the appointment of a technical adviser may be beneficial in the above-captioned cases, but respectfully requests that the parties meet and confer on a joint proposal to the Court for a qualified technical adviser.

## MEET AND CONFER STATUS

Brazos and Juniper conducted a meet & confer conference on November 23, 2020.  The parties currently have the following pre-*Markman* issues for discussion at the December 21, 2020 CMC.

**Motion to Transfer**

Juniper's Position: Juniper respectfully requests that its motions to transfer *Brazos I–VII* to the Northern District of California be heard and decided before the parties engage in substantive activities in the case, including claim construction.  *See, e.g., In re Apple Inc.*, 979 F.3d 1332, 1337-38 (Fed. Cir. 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority."); *In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) ("a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case").  Under the Court's Order Governing Proceedings in Patent Cases, Brazos's response to Juniper's motion to transfer is due on December 9, 2020 (14 days after the Opening brief) and Juniper's reply is due on December 16, 2020 (7 days after the Response brief).

Brazos's Position: Brazos believes that Juniper's motions to transfer are subject to the Court's November 19, 2020 Standing Order Regarding Venue and Jurisdictional Discovery Limits.  Under the Court's Standing Order, the parties are permitted to take venue discovery for up to six months before Brazos responds to Juniper's motions.  Brazos intends to take the permitted discovery relevant to Juniper's motions, including, for example, discovery regarding the identity, relevance, and location of individuals likely to testify at trial and/or the identity and location of others who share the same or similar knowledge.  After taking such discovery prior to filing its responses, as contemplated by the Court's Standing Order, Brazos will be better able to provide the Court with meaningful information necessary to decide the motions.  Juniper has not provided any reason to depart from the Court's established practices for motions to transfer, especially as the Court adopted those practices after the issuance of the authority cited by Juniper, and before Juniper filed its motions to transfer.

Furthermore, the Court has already set the Markman hearing in these cases for June 3, 2021.  Brazos does not believe the case should be delayed or the Markman hearing postponed so that it may engage in the permitted venue discovery.

**Schedule for Preliminary Infringement and Invalidity Contentions**

Juniper's Position: In view of the upcoming holidays, Juniper respectfully requests that Brazos's Preliminary Infringement Contentions *Brazos I-VII* be due on January 7, 2021 and that Juniper's Preliminary Invalidity Contentions for *Brazos I-VII* be due on February 25, 2021. Under the current schedule, two of the eight weeks Juniper has to prepare its Preliminary Infringement Contentions following Brazos's service of its Preliminary Infringement Contentions fall within the end of the year holidays and related vacation schedules.  This will make it very difficult for Juniper to collect the information needed for its Preliminary Invalidity

Contentions as well as the documents that it is required to produce with its Preliminary Invalidity Contentions related to the Juniper products that will be accused of infringement in Brazos's forthcoming Preliminary Infringement Contentions.  As such, Juniper is requesting a short extension of the Court's default schedule as a professional courtesy.  This minor adjustment to the schedule will not cause any prejudice to Brazos.

Brazos's Position: Brazos believes that the above-captioned cases should proceed on the schedule outlined in the Court's Order Governing Proceedings – Patent Case, under which Brazos's Preliminary Infringement Contentions are due on December 14, 2020 and Juniper's Preliminary Invalidity Contentions are due on February 8, 2020.  Neither of these deadlines conflict with any holiday, and Brazos does not believe that any further delay in the schedule of these cases is warranted beyond the 45-day extensions already granted for Juniper to respond to the complaints.

**Claim Narrowing**

Juniper's Position: Brazos is asserting a large number of claims for the '140 patent (23 total).  Juniper requests that the number of asserted claims for that patent be limited to 10.  This limit is reasonable in light of the claim construction requirements of the Court's Order Governing Proceedings, *e.g.*, the presumed limits for number of claims to be construed and page limits on claim construction briefing.  This limitation will promote fairness, efficiency and judicial economy and will not prevent Brazos from asserting additional claims in the future upon a showing of good cause.  *See Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*, n. 13-cv-05184-SBA (MEJ), 2015 WL 307256, *3-*5 (N.D. Cal. 2015) ("[R]equiring a plaintiff patentee to limit its claims to a certain number from a large number of asserted claims is permissible as long as the district court leaves open the door for the assertion of additional claims upon a

showing of good cause or need.") (citing *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1302, 1312-13 (Fed. Cir. 2011)).

<u>Brazos's Positions</u>:  It is premature to require Brazos to reduce the number of claims of the '140 patent that it is asserting.  First, 23 claims is not an unduly large number of claims.  Second, discovery has not yet begun (and will not begin until after the *Markman* hearing); Brazos therefore does not have sufficient information from Juniper regarding the structure and operation of the Accused Products to make an informed decision to eliminate claims from the case.  Third, the Court's Order Governing Proceedings – Patent Cases already provides a procedure for the reduction of asserted claims, including two meet and confers that will occur when the parties have more information regarding the cases and can therefore make more informed decisions: the first meet and confer is scheduled to occur near the end of fact discovery and the second is scheduled to occur just after expert discovery.  Juniper has not provided any reason to depart from the Court's established procedures.

## **Consolidation of Cases**

<u>Juniper's Position</u>: Juniper requests that the above-captioned cases be consolidated for pretrial purposes with Case No. 6:20-cv-00812 being designated the lead case.  Juniper first raised this with Brazos during the parties November 23, 2020 meet and confer.  This would include consolidation of all disclosures and submissions relating to claim construction, discovery, and all other filings in the seven related cases.  Consolidation will promote efficiency and eliminate unnecessary duplication of effort across seven different cases by the parties and the Court.  The parties will further discuss page limitations for briefing in the case (including claim construction and dispositive motion briefing) and will propose such limitations to the Court.

<u>Brazos's Position</u>: Juniper provided the above proposal to Brazos for the first time at 2:20pm CT on the day this Updated Case Readiness Status Report is required to be filed. Counsel for Brazos has not yet had an opportunity to confer with Brazos regarding it, and therefore Brazos does not state a position on it at this time.

Respectfully submitted,

Dated: December 7, 2020

/s/ Raymond W. Mort, III

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax: (512) 677-6825

Edward J. Naughton
(*pro hac vice*)
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
(*pro hac vice*)
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:   (617) 856-8200
facsimile:    (617) 856-8201

Alessandra C. Messing
(*pro hac vice*)
amessing@brownrudnick.com
Timothy J. Rousseau
(*pro hac vice*)
trousseau@brownrudnick.com
Yarelyn Mena
(*pro hac vice*)
ymena@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:   (212) 209-4800
facsimile:    (212) 209-4801

David M. Stein
Texas State Bar No. 797494
dstein@brownrudnick.com
Sarah G. Hartman
California State Bar No. 281751
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:   (949) 752-7100
facsimile:       (949) 252-1514

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*

/s/ Todd Briggs

Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Todd Briggs
(admission pending)
toddbriggs@quinnemanuel.com
Margaret Shyr
(*pro hac vice* application to be filed)
margaretshyr@quinnemanuel.com
Joseph E. Reed
(*pro hac vice* application to be filed)
joereed@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
telephone:  (650) 801-5000
facsimile:   (650) 801-5100

Nima Hefazi
(*pro hac vice* application to be filed)
nimahefazi@quinnemanuel.com
Pushkal Mishra
(*pro hac vice* application to be filed)
pushkalmishra@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
telephone:  (213) 443-3000
facsimile:   (213) 443-3100

B. Russell Horton
Texas Bar No. 10014450
rhorton@gbkh.com
George Brothers Kincaid & Horton, LLP
1100 Norword Tower
114 West 7th Street
Austin, Texas 78701
telephone:  (512) 495-1400
facsimile:      (512) 499-0094

*Counsel for Defendant*
*Juniper, Inc.*